# U.S. Court of Appeals for the Third Circuit

No. 25-2148

Larry Shemen; Sherri Shemen,
Appellants

v.

The Cincinnati Insurance Company

———————————————

Appeal from the U.S. District Court, D.N.J.
Judge Evelyn Padin, No. 2:22-cv-03026

Before: Porter, Montgomery-Reeves, and Bove, *Circuit Judges*
Submitted Apr. 10, 2026; Decided Apr. 10, 2026

———————————————

Nonprecedential Opinion[*]

Bove, *Circuit Judge*. Plaintiffs Larry and Sherri Shemen sued Defendant, The Cincinnati Insurance Company, for breach of contract. Applying New Jersey law, the District Court granted Defendant's motion for summary judgment. We will affirm.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. In 2020, Defendant issued Plaintiffs a homeowner's insurance policy that covered "direct 'physical loss.'" A53. The policy excluded coverage for physical loss caused by "water." A68. As relevant here, the policy defined "water" as "[f]lood, surface

---

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these." A68.

In 2021, Plaintiffs' home was damaged by water from heavy rainfall during the tropical-storm remnants of Hurricane Ida. Defendant denied insurance coverage for those losses under the "water" exclusion. Plaintiffs brought a diversity action in federal court alleging breach of contract. The District Court granted Defendant's motion for summary judgment based on the exclusion. Plaintiffs timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We conduct de novo review of the District Court's interpretation of the insurance policy under New Jersey law. *See Massey v. Borough of Bergenfield*, 169 F.4th 188, 193 (3d Cir. 2026).[1]

## III.

We agree with the District Court that Plaintiffs were not entitled to coverage based on the unambiguous terms of the policy. Because the policy was to be "enforced as written," Defendant was entitled to summary judgment. *Norman Int'l, Inc. v. Admiral Ins. Co.*, 279 A.3d 425, 433 (N.J. 2022).

Plaintiffs' home was damaged by "water"—specifically, "surface water"—that accumulated during the storm. The plain meaning of the term is unambiguous in this context. "[S]urface water" is "natural water that has not penetrated much below the surface

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

of the ground," including rainwater.  *Surface Water*, Webster's Third New International Dictionary (1993); *see also Surface Water*, Oxford English Dictionary (compact ed. 1991); *Surface Water*, Black's Law Dictionary (11th ed. 2019) (defining "surface water" as "water lying on the surface of the earth but not forming part of a watercourse or lake [and] most commonly derive[d] from rain, springs, or melting snow"); *McCullough v. Hartpence*, 58 A.2d 233, 235 (N.J. Ch. 1948) (describing surface water as "derived from falling rain and melting snow, whether on the ground or on the roofs of buildings thereon").  The District Court's interpretation of "surface water" was consistent with the views of all parties' experts, as well as the neighboring terms in the policy's definition of "water," such as "Flood."  *See Giovanni v. U.S. Dep't of Navy*, 906 F.3d 94, 106 (3d Cir. 2018).

Plaintiffs strain unsuccessfully to find ambiguity in the policy by relying on *Sosa v. Massachusetts Bay Insurance Co.*, 206 A.3d 1011, 1019 (N.J. App. Div. 2019).  We agree with the District Court that *Sosa* does not support Plaintiffs' argument because that case involved the distinguishable situation of a water-main break.  The *Sosa* court also found the insurance policy ambiguous based on technical provisions of the New Jersey Administrative Code that have little, if any, relevance to the common meaning of "surface water" as used in the policy Defendant issued to Plaintiffs.  Accordingly, because the policy is not ambiguous under the circumstances presented, we will affirm.